Citation Nr: 1607932 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 09-18 072 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for nephrolithiasis (kidney stones) prior to October 6, 2015.
 
2. Entitlement to an initial rating in excess of 30 percent for nephrolithiasis (kidney stones) on or after October 7, 2015.



REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Higgs, Counsel


INTRODUCTION

The Veteran served on active duty from July 1984 to September 2006.

This matter comes before the Board on appeal from a December 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. In that decision, the RO granted service connection for nephrolithiasis (kidney stones) and assigned a 10 percent evaluation effective from October 1, 2006.

The Veteran testified at a hearing before the undersigned Veterans Law Judge at the RO in July 2014. A transcript of that hearing is of record.

The Board remanded the case for further development in September 2014 and August 2015. The case has since been returned to the Board for appellate review.

During the pendency of the appeal, in an October 2015 rating decision, the RO increased the evaluation for the Veteran's nephrolithiasis to 30 percent effective from October 7, 2015. Nevertheless, a claimant will generally be presumed to be seeking the maximum benefit allowed by law or regulations, and a claim remains in controversy where less than the maximum benefit available is awarded. AB v. Brown, 6 Vet. App. 35, 38 (1993). Thus, the issue remains on appeal and has been recharacterized to reflect the staged ratings.

In September 2014, the Board dismissed the issues of entitlement to an initial rating in excess of 50 percent for obstructive sleep apnea and an initial rating in excess of 10 percent for dyshidrotic eczema and dermatitis. In August 2015, the Board dismissed the issue of entitlement for an earlier effective date for the assignment of a 10 percent rating for dyshidrotic eczema and dermatitis. Therefore, those issues are no longer on appeal.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless appeals processing systems. Accordingly, any future action regarding this appellant's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the August 2015 remand, the Board directed that the Veteran be afforded a VA examination and specifically instructed the examiner to indicate whether the Veteran requires catheter drainage. Although the Veteran was provided a VA examination in October 2015, the examiner did not address whether the Veteran requires catheter drainage.

The United States Court of Appeals for Veterans Claims (Court) has held "that a remand by this Court or the Board confers on the veteran or other claimant, as a matter of law, a right to compliance with the remand orders." Stegall v. West, 11 Vet. App. 268, 271 (1998). As such, compliance with the terms of the remand is necessary prior to further appellate review, and if not, "the Board itself errs in failing to ensure compliance." Id. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have treated his nephrolithiasis. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file. 

The AOJ should also secure any outstanding, relevant VA medical records.

2. After completing the foregoing development, the Veteran should be afforded a VA examination to ascertain the current severity and manifestations of his service-connected nephrolithiasis.

Any and all studies, tests and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and statements.

It should be noted that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should state this, with a fully reasoned explanation for any such finding.

The examiner should report all signs and symptoms necessary for rating the disability. In particular, he or she should indicate the frequency of attacks and whether the Veteran has infections, requires catheter drainage, or has kidney function impairment. The examiner should note whether the Veteran requires diet therapy, drug, therapy, or invasive or noninvasive procedures more than two times per year. He or she should further discuss whether the Veteran has renal dysfunction, as well as the frequency with which the Veteran experiences kidney, ureteral, or bladder calculi. 

If the Veteran has renal dysfunction, the examiner should provide the findings necessary to evaluate that disability.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history[,]" 38 C.F.R. § 4.1 , copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file itself, must be made available for review. 

3. The AOJ should review the examination report to ensure that it is in complete compliance with this remand. If the report is deficient in any manner, the AOJ should implement corrective procedures. 

4. The AOJ should conduct any other development that may be indicated as a consequence of the actions taken in the preceding paragraphs. 

5. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefits sought are not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).